UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JASON EDWARD KISTHARDT,        :
                               :
       Plaintiff             :
  v.                           : CIVIL NO. 3:CV-15-0191
                               :
RON COLBERT, et al.,           : (Judge Kosik)
                               :
       Defendants            :

## **MEMORANDUM**

**I.   Background**

Plaintiff, Jason Edward Kisthardt, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was provided inadequate medical care in violation of the Eighth Amendment while confined at the Luzerne County Correctional Facility ("LCCF"), Pennsylvania.  Named as Defendants are LCCF officials and employees Ron Colbert, Grace Franks, Sue Ziller and Adrianne Johnson.  Following service of the complaint, each Defendant filed a motion to dismiss the complaint for failure to state a claim and brief in support thereof.  (Docs. 17-20.)  Due to Plaintiff's failure to respond to the motions, an order was issued on April 30, 2015 directing him to do so within fourteen (14) days.  To date, no opposition briefs have been filed.  However, on May 18, 2015, a document was filed by Plaintiff labeled as a "Motion for Extension of Time to File Pretrial Motions" (Doc. 23).  This motion will be construed

as a combined motion for enlargement of time within which to oppose Defendants' pending motions and a request for the appointment of counsel.

## II.     Discussion

There is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2001).  Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1)(Noting that appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is "discretionary").  A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28 U.S. C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis.  Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure

of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499.  Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts.

> Upon successfully clearing the above hurdle, other factors to be examined are:
>
> 1. The plaintiff's ability to present his or her own case;
>
> 2. The difficulty of the particular legal issues;
>
> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and
>
> 6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time.  Tabron, 6 F.3d at 155-56.  In fact, the only reason he provides in support of his request for counsel is that he is "pro se and in need of help."  (Doc. 23 at 1.)

The pleadings submitted by Plaintiff so far are clearly written and detail the claims he desires to pursue.  It is evident in reviewing Plaintiff's submissions thus far,

3

that he is literate and capable of litigating this action on his own.  Moreover, the legal issues involved are not complicated.  It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own.  This Court's liberal construction of <u>pro se</u> pleadings, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel.  His pending motion for counsel will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

In addition, Plaintiff's motion for extension of time in which to file pretrial motions will be construed as a motion for enlargement of time within which to oppose Defendants' pending motions to dismiss.  Although Plaintiff requests an enlargement of 90 days, he does not state why such a lengthy enlargement is warranted.  Moreover, Defendants' motions have been pending since March 20, 2015, and Plaintiff has provided no reasons why he has been unable to prepare and submit his opposition briefs within a reasonable amount of time.  As such, he will be afforded forty-five (45) days within which to file any opposition to the pending motions.  The failure to do so will result in the motions being deemed unopposed and addressed on the merits.  An appropriate order follows.